IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW JAMES GRANT JR., | § § § | |
| *Plaintiff,* | § § § | SA-24-CV-00341-FB-ESC |
| vs. | § § § | |
| KAOE TRANSPORT, LLC, DARRYL FITZGERALD WHITE, | § § § § | |
| *Defendants.* | § § § | |

### ORDER

Before the Court in the above-styled cause of action is Defendants KAOE Transport, LLC and Darryl Fitzgerald White's Motion for Physical Examination of Plaintiff Matthew James Grant Jr. [#40]. This case was referred to the undersigned for all pretrial proceedings on January 9, 2025 [#25]. Plaintiff did not file a response by the deadline, so the undersigned may treat the motion as unopposed. *See* Local Rule CV-7(d)(2) ("A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion. . . . If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.") Because the motion is unopposed and the requirements of Federal Rule of Civil Procedure 35(a) are otherwise met, the undersigned will grant the motion.

### I.   Background

This case arises out of a motor-vehicle accident between a vehicle operated by Plaintiff and a commercial vehicle operate by Defendant Darryl Fitzgerald White in the scope of his employment with Defendant KAEO Transport, LLC. Plaintiff's Complaint alleges various negligence causes of action against Defendants. Defendants now moved for an order compelling Plaintiff to submit to an

1

independent medical examination. According to Defendants' motion, Plaintiff has informed them that he is seeking, or plans on seeking, an opinion from an orthopedic surgeon regarding his back pain.

## II.   Analysis

Rule 35(a) of the Federal Rules of Civil Procedure empowers a court to order an independent medical examination of a party by a suitably licensed or certified examiner when (1) the party's physical or mental condition is in controversy; (2) the expert is either a physician or psychologist; and (3) good cause is shown. Fed. R. Civ. P. 35(a); *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990). The Court's order for an examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Defendants argue that Plaintiff has placed his physical condition in controversy by alleging physical injuries from the car accident in question and seeking damages for such injuries. Defendants propose Dr. Ken Bode, an orthopedic surgeon, to conduct an examination "of Plaintiff's neck and back and the extent of the claimed injuries, and for an independent opinion regarding whether surgery is in fact needed."[1] Defendants also request a court order that Plaintiff abstain from any further back or neck procedures until after the physical examination by Dr. Bode has been completed. Defendants agree to bear the costs of the physical examination as well as reasonable travel expenses for Plaintiff, and they agree to provide a copy of the report to Plaintiff's counsel free of charge.

The three requirements of Rule 35(a) are met. First, Plaintiff's physical condition is clearly in controversy. Second, Dr. Bode is a board-certified orthopedic surgeon. And lastly, there is good

---

[1] The specific protocol that will be used to examine Plaintiff is attached to Defendants' motion as Exhibit 3 [#40-3].

cause for an independent medical examination of Plaintiff. This case is a personal-injury action, through which Plaintiff seeks to recover monetary damages to compensate him for past and present medical expenses, physical pain in the past and future, physical impairment in the past and future, disfigurement in the past and future, among other damages. (Compl. [#1], at 6.) The Supreme Court has recognized that under certain circumstances, "the pleadings alone are sufficient to meet [Rule 35's] requirements." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). "For instance, a plaintiff who alleges physical injury in a personal injury lawsuit resulting from a motor vehicle accident 'places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.'" *Fret v. Melton Truck Lines, Inc.*, No. SA-15-CV-00710-OLG, 2015 WL 13659509, at *1 (W.D. Tex. Oct. 29, 2015) (quoting *Schlagenhauf*, 379 U.S. at 119)). Plaintiff's pleadings alone place his physical condition in controversy and supply the good cause required under Rule 35 for a medical examination of his back and neck.

**IT IS THEREFORE ORDERED** that Defendants KAOE Transport, LLC and Darryl Fitzgerald White's Motion for Physical Examination of Plaintiff Matthew James Grant Jr. [#40] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall undergo a physical examination by Dr. Ken Bode, M.D., board-certified orthopedic surgeon, at 13409 NW Military Hwy, Suite 200, San Antonio, Texas 78231.

**IT IS FURTHER ORDERED** that the parties confer and schedule a **time** for the examination to occur on **July 2, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff abstain from any further neck or back procedures until the physical examination is complete.

**IT IS SO ORDERED**.

SIGNED this 9th day of June, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE